No. 24-1443

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

DRAFTKINGS INC.,

*Plaintiff-Appellee*,

v.

MICHAEL Z. HERMALYN

*Defendant-Appellant*.

On Appeal from the U.S. District Court for the District of Massachusetts
(No. 1:24-cv-10299-JEK)

**APPELLANT'S MOTION FOR EXPEDITED CONSIDERATION**

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Local Rule 27.0, Defendant-Appellant Michael Z. Hermalyn respectfully moves for expedited consideration of this appeal.

The district court committed significant legal errors in entering a preliminary injunction enforcing broad non-compete clauses against Hermalyn—a California resident and an employee of a California company—notwithstanding California's explicit laws and public policy against post-employment restrictive covenants. As a result, Hermalyn has been effectively disabled from doing the job that he altered his life and career to accept. And if the appeal is not expedited, those legal errors

will evade meaningful review, because the restraints imposed by the preliminary injunction will expire on February 1, 2025—before (or at best around the same time) a decision likely would be issued on the Court's default schedule.

Expedited consideration is accordingly warranted, as this Court has provided in analogous cases. *See* p. 10, *infra*. To enable such consideration, Hermalyn respectfully proposes that he submit his opening brief on May 24, 2024; Plaintiff-Appellee DraftKings Inc. submit its answering brief on June 17, 2024; Hermalyn submit his reply brief on June 28, 2024; and the Court schedule argument at its earliest convenience, ideally during the Court's late July 2024 sitting.

## FACTS AND PROCEDURAL BACKGROUND

**A.** Hermalyn is an experienced and respected professional in the sports betting and gaming space. In September 2020, he began work at DraftKings, a daily fantasy sports contest, sports betting, and online gaming company. Dkt. 36 ¶ 21.[1] Hermalyn performed his work for DraftKings out of its New York City office or from his home in New Jersey. *Id*. ¶ 22. He never resided in Massachusetts and was never based out of DraftKings' Massachusetts office. *Id.*

In January 2024, Hermalyn learned of a promising opportunity at Fanatics Holdings, Inc., a leading digital sports platform business. *Id*. ¶¶ 7, 13, 19. On January 27, 2024, Hermalyn received an initial offer of employment to run the

---

[1] "Dkt." refers to the docket in the district court, No. 1:24-CV-10299-JEK (D. Mass.).

2

company's California affiliate FVP LLC ("Fanatics VIP") and head its Los Angeles office. *Id*. He promptly moved to California and began the process of relocating his family. *Id*. ¶¶ 8-9. On February 1, 2024, he resigned from DraftKings and accepted Fanatics VIP's offer. *Id*. ¶¶ 11, 45.

**B.** Under California law, non-compete agreements are void as a matter of law: "[E]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600(a). Applying that "settled legislative policy in favor of open competition and employee mobility," *Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 291 (Cal. 2008), California courts routinely decline to enforce restrictive covenants against workers hired by California employers even when the contracts were formed out of state and call for application of another state's law, *see Application Grp., Inc. v. Hunter Group, Inc*. 72 Cal. Rptr. 2d 73, 84-85 (1998).

Newly enacted California state statutes codify and strengthen that policy, providing that—after January 1, 2024—a post-employment restrictive covenant "is unenforceable regardless of where and when the contract was signed," even if "outside of California." Cal. Bus. & Prof. Code § 16600.5(a), (b). In enacting the new statutes, the California Legislature emphasized its "strong interest in protecting the freedom of movement of persons whom California-based employers wish to employ," and extended protections against the enforcement of restrictive

3

covenants to all persons seeking employment in California, including those who "signed the contractual restraint *while living outside of California and working for a non-California employer*." Cal. S.B. 699 §§ 1(e), (f) (emphasis added). The express purpose of California's new laws was to encourage talented individuals like Hermalyn to do what he did here: move to the state for employment opportunities. *Id.* §§ (b), (e).

**C.** On February 1, 2024, after accepting his new position at Fanatics VIP's Los Angeles office, Hermalyn sought declaratory and injunctive relief in California state court prohibiting DraftKings from enforcing the non-compete and other restrictive covenants in DraftKings' contracts. *Hermalyn v. DraftKings, Inc.*, (2024) Super. Ct. No. 24STCV02694, Compl., Dkt. 1; *see* Cal. Bus. & Prof. Code § 16600.5(e)(1) (authorizing such a suit). DraftKings twice removed that action on grounds that a federal district court later called "suspect" and "improper." *Hermalyn v. DraftKings, Inc.*, No. 24-cv-00918-MCS-E (C.D. Cal. Apr. 8, 2024), Dkt. 21 at 2.

Although both of DraftKings' meritless removals resulted in remands to California state court, they opened a window for DraftKings on February 5, 2024 to file a federal lawsuit in the District of Massachusetts seeking to enforce its restrictive covenants against Hermalyn. Dkt. 1, 3, 7. The district court (Kobick, J.) declined to stay the Massachusetts federal suit pending resolution of the first-

filed California litigation, and entered a TRO enforcing the restrictive covenants in part. Dkt. 29, 44. The court allowed limited discovery, permitting DraftKings to depose Hermalyn, but permitting him to depose only one of DraftKings' witnesses and denying him access to relevant documents that DraftKings' witnesses had referenced in their written declarations. Dkt. 42, 54, 60.

**D.** On April 30, 2024, after an evidentiary hearing, the district court issued a preliminary injunction enforcing, among other things, the non-compete provisions in Hermalyn's contracts with DraftKings. Dkt. 132 ("PI Op."). The court rejected Hermalyn's contention that California law governs DraftKings' contract claims even though he is a California resident, is employed by a California company, is working in California, and allegedly violated his contracts in California—which expressly treats such contracts as void, even when they are formed out of state. *Id.* at 24-28. The court instead enforced the contracts' Massachusetts choice-of-law provisions, reasoning that California did not have a materially greater interest in the litigation even though Hermalyn has never lived or worked in Massachusetts. *See id.*[2]

---

[2] The district court also found that DraftKings was likely to succeed on its trade-secret and related misappropriation claims. *Id.* at 39-47. Hermalyn disputes the court's findings and conclusions, which were "rendered at a preliminary stage in the proceedings without a complete record." *Id.* at 51-52.

While the district court declined to enter the worldwide injunction that DraftKings requested, it rejected without analysis Hermalyn's contention that California should be carved out from any injunction. *Id.* at 30-32; *see* Dkt. 101 at 20-21, 30; Dkt. 102 App. C. The court instead issued a nationwide injunction enforcing the non-compete and other restrictive covenants "for a period of twelve months starting on February 1, 2024." Dkt. 133 ("PI Order") ¶¶ 2-3.

**E.** Hermalyn promptly filed his notice of appeal on May 2, 2024, invoking this Court's jurisdiction under 28 U.S.C. § 1292(a)(1). Dkt. 134.

## ARGUMENT

Expedited consideration is warranted because the district court committed legal errors that impose serious practical harm but will likely evade meaningful review if the appeal proceeds on the default schedule.

**A.** The district court's critical and dispositive legal error came on the threshold choice-of-law question—a determination this Court reviews de novo. *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020). Under applicable Massachusetts choice-of-law rules, a contract's designation of substantive law is unenforceable if it "is contrary to public policy." *Oxford Glob. Res., LLC v. Hernandez*, 106 N.E.3d 556, 564 (2018). Specifically, a contract's choice of law is unenforceable if (1) "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the

6

chosen state in the determination of the particular issue," and (2) "the law of the state with the greater interest would otherwise apply in the absence of an effective choice of law by the parties." *NuVasive*, 954 F.3d at 444 (cleaned up).

Both those conditions are satisfied here. Application of Massachusetts law, which is permissive of restrictive covenants, "would violate the fundamental public policy of California favoring open competition and employee mobility." *Oxford*, 106 N.E.3d at 560. Indeed, the California Legislature has stated expressly that its "public policy against restraint of trade law trumps other state laws when an employee seeks employment in California, even if the employee had signed the contractual restraint while living outside of California and working for a non-California employee." S.B. 699 § 1(e).

California also has a materially greater interest than Massachusetts in resolution of the claims, and California law would apply absent the contractual choice of law, because the claims arise from an asserted contract breach in California by a California resident and employee of a California company. *Oxford*, 106 N.E.3d at 564-65. By contrast, Massachusetts has only an attenuated interest, given that Hermalyn never resided in Massachusetts or was based at DraftKings' office there. *See id.* (concluding that California rather than Massachusetts law applied to restrictive-covenant breach claims).

The district court reached a contrary result by undervaluing the strength of California's public policy, *see* PI Op. 27 ("the Court cannot say that either state's legislative policy is more fundamental or compelling"), and overvaluing the strength of Massachusetts' connection to the claims, *see* PI Op. 25-28. The court noted that DraftKings is headquartered in Massachusetts, Hermalyn traveled to Massachusetts during his employment, and Hermalyn allegedly solicited two Massachusetts-based employees while he was in California. *Id.* But those connections pale in comparison to California's, given that Hermalyn resides in California, works in California, and allegedly breached the contracts in California. The district court emphasized that Hermalyn's California residency was recent and limited in duration, *id.* at 26, but California protects "the freedom of movement of persons whom California-based employers wish to employ," Cal. S.B. 699 § 1(f), with no duration-of-residency requirement.

The district court's error implicates fundamental issues of comity and federalism. Indeed, the practical effect of the district court's ruling would be to nullify California's laws allowing residents like Hermalyn to prevent the enforcement of restrictive covenants by out-of-state employers. Cal. Bus. & Prof. Code § 16600.5(e)(1). It would also encourage the sort of gamesmanship that DraftKings engaged in when it twice attempted to obstruct Hermalyn's right to that

8

relief under state law by improperly removing his California lawsuit to federal court. This Court's review is thus particularly important.

**B.** The district court committed a related but distinct error by declining to narrow the geographic scope of the preliminary injunction to exclude California. Even assuming that Massachusetts law governs the claims and permits some enforcement of DraftKings' non-compete provisions (it does not), the restrictions "must be reasonable in geographic reach in relation to the interests protected." M.G.L. c. 149, § 24L(b)(v). There is no reasonable basis to extend the non-compete provisions into California in square conflict with its strong and acknowledged policy against such covenants.

By declining to account for those "comity concerns" in "shaping equitable remedies," the district court failed to exercise "wise discretion to avoid needless friction with state policies." *Montañez-Allman v. García-Padilla*, 782 F.3d 42, 46 (1st Cir. 2015) (citations omitted); *see, e.g.*, *Keener v. Convergys Corp.*, 342 F.3d 1264, 1268-70 (11th Cir. 2003) (revising injunction against nationwide enforcement of restrictive covenants so that the injunction applied only in Georgia, which bars such covenants); *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 326-27 (6th Cir. 2001) (vacating nationwide injunction based on Michigan right of publicity that extended to states where that right did not exist

9

at common law). That is another basis for vacating the preliminary injunction insofar as it applies to California.

C. Particularly given the district court's errors on significant legal questions, the need for expedition is straightforward. If consideration of this appeal is not expedited, this Court will not likely be able to review the case on a timeframe that would allow meaningful relief. The preliminary injunction enforcing the non-compete provisions expires on February 1, 2025. PI Order ¶¶ 2-3. On this Court's default timeline for appellate consideration, any decision would likely come after that period (or, at best, near the end).[3]

This Court has granted expedited consideration of similar appeals from grants or denials of preliminary injunctions, including in the post-employment restrictive covenant context. *See, e.g.*, *SimpliVity Corp. v. Bondranko*, No. 16-2169; *Corp. Tech., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013); *ANSYS, Inc. v. Comp. Dynamics, N.A.*, 595 F.3d 75, 77 (1st Cir. 2010); *Doe v. Trustees of Bos. Coll.*, 942 F.3d 527, 529 (1st Cir. 2019). Expedition is likewise warranted here.

D. To facilitate expedited consideration, Hermalyn proposes the following briefing and argument schedule:

- Appellant's Brief: May 24, 2024

---

[3] *See* Tbl. B-4, *U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit*, https://bit.ly/44yEeJt (median time from filing of notice of appeal to the final decision in this Circuit is 13.7 months).

- Appellee's Brief: June 17, 2024
- Appellant's Reply: June 28, 2024
- Argument: At the Court's earliest convenience, ideally in July 2024

Given that the issues were briefed extensively and expeditiously before the district court, this proposed schedule would give both parties ample time to complete their submissions and enable this Court's timely consideration.

## CONCLUSION

This Court should expedite this appeal as set forth above.

Dated: May 7, 2024                          Respectfully submitted,

/s/ *Russell Beck*                          /s/ *Aliki Sofis*
Russell Beck                                Aliki Sofis
Stephen D. Riden                            Alexander S. del Nido
Beck Reed Riden LLP                         Isaac Saidel-Goley
155 Federal Street, Suite 1302              QUINN EMANUEL URQUHART &
Boston, MA 02110                            SULLIVAN, LLP
Tel.: (617) 500-8660                        111 Huntington Avenue, Suite 520
Fax: (617) 500-8665                         Boston, MA 02199
rbeck@beckreed.com                          Tel: (617) 712-7100
sriden@beckreed.com                         Fax: (617) 712-7200
                                            alikisofis@quinnemanuel.com
                                            alexdelnido@quinnemanuel.com
                                            isaacsaidelgoley@quinnemanuel.com

                                            Christopher G. Michel
                                            Gregg M. Badichek
                                            QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
                                            1300 I Street NW, Suite 900
                                            Washington, DC 20005
                                            Tel: (202) 538-8000
                                            Fax: (202) 538-8100
                                            christophermichel@quinnemanuel.com
                                            greggbadichek@quinnemanuel.com

11

*Attorneys for Defendant-Appellant Michael Z. Hermalyn*

# CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record will be served via electronic mail:

Andrew S. Dulberg
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
andrew.dulberg@wilmerhale.com

Orin Snyder
Harris Mufson
Justine Goeke
Christine Demana
Justin M. DiGennaro
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave
New York, NY 10166-0193
osnyder@gibsondunn.com
hmufson@gibsondunn.com
jgoeke@gibsondunn.com
cdemana@gibsondunn.com
jdigennaro@gibsondunn.com

Jason C. Schwartz
Jacob T. Spencer
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
jschwartz@gibsondunn.com
jspencer@gibsondunn.com

/s/ *Aliki Sofis*
Aliki Sofis