No. 24-1443

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

DRAFTKINGS INC.,

*Plaintiff-Appellee*,

v.

MICHAEL Z. HERMALYN,

*Defendant-Appellant*.

On Appeal from a Preliminary Injunction
of the United States District Court for the District of Massachusetts
in Case No. 1:24-cv-10299, The Honorable Julia E. Kobick

**PLAINTIFF-APPELLEE'S RESPONSE TO
DEFENDANT-APPELLANT'S MOTION FOR
EXPEDITED CONSIDERATION**

| | |
|---|---|
| MARK C. FLEMING | ORIN S. SNYDER |
| WILLIAM F. LEE | HARRIS M. MUFSON |
| ANDREW S. DULBERG | JUSTINE M. GOEKE |
| WILMER CUTLER PICKERING | CHRISTINE DEMANA |
|    HALE AND DORR LLP | GIBSON, DUNN & CRUTCHER LLP |
| 60 State Street | 200 Park Avenue |
| Boston, MA 02109 | New York, NY 10166-0193 |
| (617) 526-6000 | (212) 351-4000 |
| Mark.Fleming@wilmerhale.com | OSnyder@gibsondunn.com |

*Attorneys for Plaintiff-Appellee DraftKings Inc.*

[*Additional Counsel Listed in Signature Block*]

Plaintiff-Appellee DraftKings Inc. opposes in part Defendant-Appellant Michael Hermalyn's motion for expedited consideration of this appeal. DraftKings has no objection to Defendant's requests to shorten his own briefing deadlines (and he can of course file early in any event) or for the Court to schedule argument at its earliest convenience. But Defendant has not shown any urgency that would warrant truncating DraftKings' time to submit its answering brief. Accordingly, if the Court grants Defendant's motion to expedite, DraftKings respectfully requests that it afford the full 30 days permitted by the rules for DraftKings' answering brief.

**1.** DraftKings is a leader in the digital sports entertainment and gaming industry, where it competes with other online sports platforms, including Fanatics, Inc. ECF 132 ("P.I. Opinion") at 2.[1] Defendant worked at DraftKings as a senior executive from September 14, 2020 until February 1, 2024. *Id.* During the course of his employment, Defendant signed non-disclosure, non-solicitation, and—thirteen times in return for millions of dollars in compensation—non-competition agreements. *See id.* at 3–4; ECF 1 ¶¶ 38–39, 46, 50-51; ECF 1-1; ECF 1-2. Defendant breached each of those agreements: After improperly accessing and exfiltrating DraftKings highly confidential documents and trade secrets, Defendant departed DraftKings on February 1 to take a new job in virtually the same role at

---

[1] "ECF" refers to the docket in the district court, *DraftKings Inc. v. Hermalyn*, No. 1:24-cv-10299-JEK (D. Mass.).

Fanatics—and immediately solicited two of his former colleagues to join him. P.I. Opinion 32–38. Between January 29 and February 1, Defendant leased an apartment in California, obtained a California driver's license, purchased a car, registered to vote, and scheduled medical appointments. *Id.* at 7. He then sued DraftKings in California state court on February 1, claiming that his activities over the previous days made him a California resident. *See* ECF 27-1.[2]

    **2.**    DraftKings brought this action and sought a temporary restraining order on February 5, alleging breach of contract, misappropriation of trade secrets, and other claims. On February 8, the district court issued a temporary restraining order, enjoining, among other things, Defendant from using or disclosing DraftKings confidential information or soliciting DraftKings customers and employees, but allowing Defendant to continue to work at Fanatics. ECF 46 at 51:7–13, 51:20–55:22; 56:7–19. On March 14, after limited, expedited discovery, DraftKings filed a motion for a preliminary injunction supported by eight sworn affidavits, twenty-six exhibits, and four appendices—totaling hundreds of pages of evidence. *See* ECF

---

[2] DraftKings removed Defendant's state-court lawsuit to the U.S. District Court for the Central District of California twice, first alleging diversity jurisdiction and then arguing that Defendant's co-plaintiff was fraudulently joined in a transparent effort to defeat diversity jurisdiction. *See Hermalyn v. DraftKings, Inc.*, No. 24-cv-00918-MCS-E (C.D. Cal. Apr. 8, 2024), Dkt. 21. Although the court remanded, it concluded that both of DraftKings' removals were objectively reasonable. *See id.* at 2.

72–84. On April 16, the district court held an evidentiary hearing to resolve credibility issues and heard live testimony from six witnesses. *See* ECF 130.

3. On April 30, the district court issued a comprehensive, sixty-page opinion granting in large part DraftKings' preliminary injunction motion. *See* ECF 132. The court found DraftKings' witnesses were "credible," P.I. Opinion 36, but Defendant was "not credible," *id.* at 34–35—far from it, he "gave evasive answers," "could not remember" key details, and "struggled with candor to the [c]ourt," *id.* at 35–36. Based on the record evidence and its credibility assessments, the district court concluded that DraftKings was likely to succeed on the merits on the bulk of its claims and would suffer irreparable harm absent preliminary injunctive relief. *See id.* at 32, 37, 38, 47–48. Accordingly, the court preliminarily enjoined Defendant from, among other things, violating his non-solicitation and non-competition agreements until February 1, 2025, and from using, disclosing, or destroying DraftKings' confidential information at any time. *See* ECF 133.

4. The central argument Defendant previews on appeal—that California law, not Massachusetts law, governs his restrictive covenants—is one the district court correctly rejected multiple times. Defendant first raised this argument in a motion to stay the proceedings below. ECF 26. The court denied the motion, observing Defendant agreed that any disputes arising out of his restrictive covenants would be governed by Massachusetts law. ECF 29; *see also* P.I. Opinion 14 (the

agreements expressly specify that they "shall be governed by the internal substantive laws of Massachusetts, without regard to the doctrine of conflicts of law").

Defendant tried again in his opposition to DraftKings' motion for a temporary restraining order, arguing for the application of California law. ECF 33. On February 8, the district court again rejected the argument. ECF 46. As the court explained:

> I don't think California has a materially greater interest than Massachusetts in this litigation. The contracts were negotiated between a company with its princip[al] place of business in Massachusetts and its employee, who visited Massachusetts on occasion for work, but worked primarily in New York and lived in New Jersey, not California, when he negotiated the contract and worked for DraftKings. Any harm caused by a violation of the agreements will be felt in Massachusetts. California has little connection to this case . . . other than the fact that Mr. Hermalyn moved to California one week ago.

ECF 46 at 54:23–55:9.

Undaunted, Defendant again insisted that California law applies in opposing DraftKings' preliminary injunction motion and in moving to dismiss. Again, the district court rejected his argument. P.I. Opinion 24–28. The court reiterated its conclusion that "California's interest in this lawsuit is not materially greater than Massachusetts's interest." *Id.* at 26. And the court made additional findings to bolster its conclusion. For example, Defendant "solicited two Massachusetts-based DraftKings employees . . . on his first days of work at Fanatics" and traveled to Massachusetts for work approximately once every six weeks while he was employed

by DraftKings. *Id.* And because DraftKings is "headquartered in Massachusetts," "[a]ny harms flowing from Hermalyn's likely violations of his noncompetition, non-solicitation, and non-disclosure agreements will be felt by DraftKings in Massachusetts, not California." *Id.*

5. Defendant now seeks expedition because, under this Court's "default schedule," the Court would likely issue a decision in this appeal shortly before—or around the same time as—some aspects of the preliminary injunction are currently scheduled to expire on February 1, 2025. Mot. 2. Defendant has shown no urgency whatsoever and any current exigency is of Defendant's own making. The district court rejected Defendant's argument that California law applies to his restrictive covenants in granting DraftKings' motion for a temporary restraining order. Yet Defendant did not appeal that order, even though it became reviewable as a preliminary injunction on February 23, 2024, 14 days after it issued. *See S.F. Real Estate Inv'rs v. Real Estate Invest. Tr. of Am.*, 692 F.2d 814, 816–17 (1st Cir. 1982). Instead, Defendant chose to re-litigate that same issue in opposing DraftKings' preliminary injunction motion, effectively delaying an appeal of that issue by more than two months. Defendant also delayed the proceedings in the district court, adding two weeks to the district court's proposed preliminary injunction schedule because of "school vacation week" and his counsel's "birthday." ECF 46 at 60:9–11.

**6.** DraftKings has no objection to Defendant's request to hold argument at the Court's earliest convenience or to his request to shorten his own briefing deadlines. But Defendant provides no valid reason to short DraftKings' 30-day deadline for filing its answering brief. That would not be appropriate in light of Defendant's own delay in seeking appellate review. Accordingly, the Court should deny Defendant's motion to expedite to the extent it seeks to shorten DraftKings' time to file its answering brief.

# CONCLUSION

The Court should deny in part Defendant's motion to expedite.

Respectfully submitted,

/s/ *Orin S. Snyder*

| | |
|---|---|
| MARK C. FLEMING | ORIN S. SNYDER |
| WILLIAM F. LEE | HARRIS M. MUFSON |
| ANDREW S. DULBERG | JUSTINE M. GOEKE |
| WILMER CUTLER PICKERING HALE AND DORR LLP | CHRISTINE DEMANA GIBSON, DUNN & CRUTCHER LLP |
| 60 State Street | 200 Park Avenue |
| Boston, MA 02109 | New York, NY 10166-0193 |
| (617) 526-6000 | (212) 351-4000 |
| Mark.Fleming@wilmerhale.com | OSnyder@gibsondunn.com |
| William.Lee@wilmerhale.com | HMufson@gibsondunn.com |
| Andrew.Dulberg@wilmerhale.com | JGoeke@gibsondunn.com |
| Jarrod.Ingles@wilmerhale.com | CDemana@gibsondunn.com |

JACOB T. SPENCER
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
JSpencer@gibsondunn.com

*Attorneys for Plaintiff-Appellee DraftKings Inc.*

May 9, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(a).

1. Exclusive of the exempted portions of the foregoing, as provided in Fed. R. App. P. 27(f), the brief contains 1,213 words.

2. The foregoing has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Orin S. Snyder
ORIN S. SNYDER
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
OSnyder@gibsondunn.com

May 9, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court via the Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Orin S. Snyder*
ORIN S. SNYDER
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
OSnyder@gibsondunn.com