# EXHIBIT A

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

Judge: Honorable Tony L. Richardson
Judicial Assistant: None
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

NATURE OF PROCEEDINGS: Ruling on Submitted Matter

The Court, having taken the matter under submission on 06/13/2024 for Hearing on Motion to Quash Service of Summons (2014), now rules as follows:

| | |
|---|---|
| DEPARTMENT | 39 |
| HEARING DATE | June 13, 2024 |
| CASE NUMBER | 24STCV02694 |
| MOTION | Motion to Quash Service of Summons and Complaint |
| MOVING PARTIES | Defendant DraftKings Inc. |
| OPPOSING PARTY | Plaintiffs Michael Z. Hermalyn and FVP, LLC |

## BACKGROUND

Defendant DraftKings Inc. ("Defendant") moved for an order quashing the service of summons in this action. Plaintiffs Michael Z. Hermalyn ("Hermalyn") and FVP, LLC ("Fanatics") opposed the motion. On June 13, 2024, a hearing took place on the motion at which all parties and their attorneys appeared. After oral argument, the court took the matter under submission. The court now rules as follows.

<u>Plaintiffs' Complaint Against Defendant</u>

Hermalyn was employed as an executive for Defendant, based in Boston, Massachusetts, On February 1, 2024, he left his employment with Defendant to work for Fanatics, Defendant's competitor. On that day, Hermalyn filed this instant action against Defendant to invalidate an

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

Judge: Honorable Tony L. Richardson  CSR: None
Judicial Assistant: None  ERM: None
Courtroom Assistant: None  Deputy Sheriff: None

employment agreement he entered into with Defendant that included noncompete and nonsolicitation provisions. On February 5, 2024, Defendant sued Hermalyn in *DraftKings Inc. v. Hermalyn* (D.Mass. 2024, No. 1:24-cv-10299) to enforce that agreement.

In their complaint, Plaintiffs seek a declaratory judgment and injunctive relief, alleging Defendant violated California Business and Professions Code sections 16600, 16600.1, 16600.5, and 17200.[1] Specifically, among other things, they contend Defendant "seeks to improperly squash [Plaintiffs'] business activities and perceived competition based on its unlawful post-employment restrictive covenants and unenforceable foreign law and forum provisions." (Complaint, ? 7.) Plaintiffs, therefore, request a declaratory judgment to the effect "the post-employment restrictive covenants . . . in Mr. Hermalyn's agreements with [Defendant] are void and unenforceable under California law," (*id.*, ? 8) and that Hermalyn could freely compete against Defendant as President of Fanatics and head of its Los Angeles office (*id.*, ? 9).

Section 16600.5 expressly empowers an employee to seek injunctive relief for violations of California's noncompete statutes. (§ 16600.5, subd. (e)(1).)

Defendant's Motion to Quash Service of Summons

In its motion, Defendant asserts this court lacks personal jurisdiction over it because Defendant is "not at home in California," and Plaintiffs' claims do not arise out of or relate to Defendant's alleged contacts with California. Defendant maintains it did nothing before Plaintiffs initiated this lawsuit, and the only claimed basis Plaintiffs have for this court to assert jurisdiction over it is that Defendant later filed the action it did in Massachusetts. Defendant adds personal jurisdiction is assessed at the time the complaint is filed; thus, conduct and resulting effects occurring after Plaintiff filed their complaint cannot establish jurisdiction.

**ANALYSIS**

Under the due process clause of the Fourteenth Amendment to the United States Constitution, state courts may exercise personal jurisdiction over nonresidents who have "minimum contacts" with the forum state. Minimum contacts exist when the relationship between the nonresident and the forum state is such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316, internal quotations omitted.)

"Personal jurisdiction may be either general or specific. A nonresident defendant may be

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

| | |
|---|---|
| Judge: Honorable Tony L. Richardson | CSR: None |
| Judicial Assistant: None | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

subject to the *general* jurisdiction of the forum if his or her contacts in the forum state are substantial[,] continuous and systematic. In such a case, it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum. Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445-446, internal quotations and citations omitted.)

Even if a nonresident defendant does not have sufficient contacts with California such that the defendant is subject to suit in California generally, the defendant may nonetheless be subject to jurisdiction in California for claims based on the defendant's activities in the state. To assert "limited" or "specific" personal jurisdiction over a nonresident defendant, the plaintiff must demonstrate: (a) the out-of-state defendant purposefully established contacts with the forum state; (b) the plaintiff's cause of action "arises out of" or is "related to" defendant's contacts with the forum state; and (c) the forum's exercise of personal jurisdiction in the particular case comports with "fair play and substantial justice." (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 477-478.)

"[W]hen jurisdiction is challenged by a nonresident defendant, the burden of proof is upon the plaintiff to demonstrate that 'minimum contacts' exist between defendant and the forum state to justify imposition of personal jurisdiction." (*Elkman v. National States Ins. Co.* (2009) 173 Cal.App.4th 1305, 1313.) If the plaintiff meets the initial burden, "it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable." (*Buchanan v. Soto* (2015) 241 Cal.App.4th 1353, 1362.)

In support of its motion to quash, Defendant submitted a Declaration of Katherine V.A. Smith to which she attached a Declaration of Gregory Karamitis ("Karamitis"), Defendant's Chief Revenue Officer. Karamitis states Defendant is a Nevada corporation with its corporate headquarters in Boston, and Hermalyn worked for Defendant out of Hermalyn's home in New Jersey and, at times, out of Defendant's office in New York City. Karamitis provides no information regarding Defendant's operations in California.

As noted above, Plaintiffs' complaint in this case is based on Defendant's enforcement of Hermalyn's agreement not to compete with Defendant. In California, section 16600 evinces a strong public policy against noncompete and nonsolicitation provisions. Effective January 1, 2024, additional language was added to the statute "to void the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored." (§ 16600, subd. (b)(1).)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Civil Division
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

Judge: Honorable Tony L. Richardson  CSR: None
Judicial Assistant: None  ERM: None
Courtroom Assistant: None  Deputy Sheriff: None

The very existence of the employment agreement with its noncompete and nonsolicitation provisions is violative of the California statutes. Despite those provisions being void under California law, Defendant had the ability to enforce them. Pursuant to section 16600.5, Plaintiff was entitled to file the instant action. As such, Defendant intentionally acted to restrain Hermalyn in California and is, therefore, subject to jurisdiction in California. (*Calder v. Jones* (1984) 465 U.S. 783, 789; see also *Jones v. Calder* (1982) 138 Cal.App.3d 128, 134.)

In reply, Defendant cites *Casey v. Hill* (2022) 79 Cal.App.5th 937. In that case, the court noted, "For claims sounding in contract, courts generally apply a purposeful availment analysis, where the focus is on the defendant's intentionality. This inquiry is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on his contacts with the forum." (*Id.* at p. 965, internal quotations and citations omitted.) This authority does not support Defendant's argument Defendant is not subject to jurisdiction in California. As set forth above, Defendant has intentionally sought to restrain Hermalyn in his employment with Fanatics in California. As Defendant "purposefully and voluntarily direct[ed] [its] activities toward" California in seeking to do so, Defendant is subject to jurisdiction in California. (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269.)

At oral argument, Defendant stridently argued Hermalyn's timing in leaving his employment with Defendant, joining Fanatics, notifying Defendant, and filing the instant action on February 1, 2024, all in one day, precludes jurisdiction having been established in California because personal jurisdiction must be decided at the time the complaint was filed. In support of this proposition, Defendant cites several cases, prominent among them is *Bristol-Myers Squibb Co. v. Superior Court* (2017) 582 U.S. 255 (*Bristol-Myers*). *Bristol Myers* does state for "specific jurisdiction" to attach, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' [Citation.] For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.' [Citation.]" (*Id.*, at p. 262.) The *Daimler AG v. Bauman* (2014) 571 U.S. 117 is of the same ilk.

However, those cases do not involve a factual situation comparable to that in the instant case, and they do not expressly hold personal jurisdiction must have been established at the time Plaintiffs' complaint was filed or the court cannot consider harms that occurred after Plaintiff filed the complaint. The case Defendant cites that comes the closest is *Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000. But even there, the Court of Appeal noted, "jurisdiction can also be established through consent, which often occurs postfiling. Thus, we find it untenable

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

| | |
|---|---|
| Judge: Honorable Tony L. Richardson | CSR: None |
| Judicial Assistant: None | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

read a rigid time limitation into the use of the term 'personal jurisdiction.'" (*Id.*, at pp. 1007-1008.)[2]

Moreover, in applying the tenets of *Bristol-Myers*, the very existence of the noncompete and nonsolicitation clauses in Hermalyn's employment contract and Defendant's ability to enforce them to prevent Hermalyn, who had become a California resident, from working at Fanatics and thereby competing for business with Defendant could very well constitute "an activity or an occurrence that takes place in [California] and is therefore subject to the state's regulation." Therefore, even applying *Bristol-Myers*' holding, because section 16600 embodies California's fundamental public policy against restraint of trade (*Application Group, Inc. v. The Hunter Group, Inc.* (1998) 61Cal.App.4th 881, 896), Defendants conduct can give rise to specific jurisdiction because California's noncompete statues are implicated. (See also *Hanson v. Denckla* (1958) 357 U.S. 235, 252 [where California's special legislation prohibiting restrictive covenants are implicated, nonresidents conduct may give rise to specific jurisdiction].) The very public policy for which the noncompete provisions stand, is to prevent such an occurrence. Therefore, once Plaintiff left his employment with Defendant and joined Fanatics, the noncompete provision immediately posed an "issue[] deriving from or connected with, the very controversy that establishes personal jurisdiction over Defendant." (*Bristol-Myers, supra*, 582. U.S. at p. 262.) This paradigm is in keeping with *Bristol-Myers*' directive that a court must consider a variety of interests, including the interest of the forum state, of Plaintiff in proceeding with the action in California, and any burden placed on Defendant, given the connections it has fostered in California, as discussed above.

Defendant further contends it had done nothing at that time directed towards Hermalyn, let alone anyone in California. In fact, Defendant did not file the Massachusetts action until February 5, 2024. Thus, Defendant claims Hermalyn's complaint amounts to a prior restraint case, especially because he alleged Defendant was "expected to attempt" to enforce a restrictive covenant. But Defendant misses the point it has been conducting business in California, irrespective of its activities not directly impacting Hermalyn until he began residing in California and was first employed by Fanatics.

In that regard, Defendant also argues in reply Hermalyn is not actually a resident of California, although Plaintiffs counter with evidence Hermalyn has leased a home in California, moved his family to the state, and enrolled his children in California schools. Defendant questions Hermalyn's veracity in this regard, contending he has not moved to Los Angeles, and had only established a "phony lease with a friend." However, the totality of circumstances does not suggest Hermalyn has abandoned his planned relocation to Los Angeles to work for Fanatics. In any event, Hermalyn's current residence is of questionable relevance, when, as

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

Judge: Honorable Tony L. Richardson  CSR: None
Judicial Assistant: None  ERM: None
Courtroom Assistant: None  Deputy Sheriff: None

discussed above, Defendant has expressly challenged Hermalyn's ability to work for Fanatics in Los Angeles without impediments. Specifically, the evidence before the court is that Hermalyn has not yet commenced meaningful work for Fanatics in Los Angeles because of the injunction Defendant obtained in the federal district court action in Massachusetts, not that Hermalyn has been prevented from working in any capacity at Fanatics.

Accordingly, the motion to quash is denied.

FOOTNOTES:

[1] Hereafter, all statutory references are to the Business and Professions Code, unless otherwise indicated.
[2] The court notes Defendant, in support of its contention in this regard, also cites an unreported order issued in a federal district court case and federal court opinion, both of which have no precedential authority and are citable solely for any persuasive value they may have. (Aton Center, Inc. v. United Healthcare Ins. Co. (2023) 93 Cal.App.5th 1214, 1235, fn. 5.)

At the direction of the Court, the clerk gives notice of thevia email to counsel as follows:

for Plaintiff:

David C. Armillei
davidarmillei@quinnemanuel.com

James R. Asperger
jimasperger@quinnemanuel.com

Michael B. Carlinsky
michaelcarlinsky@quinnemanuel.com

Kimberly E. Carson
kimberlycarson@quinnemanuel.com

Anne K. Conley
anne.conley@mto.com

| | |
|---|---|
| 24STCV02694 | July 12, 2024 |
| MICHAEL Z HERMALYN, et al. vs DRAFTKINGS, INC. | 1:38 PM |

Judge: Honorable Tony L. Richardson　　CSR: None
Judicial Assistant: None　　ERM: None
Courtroom Assistant: None　　Deputy Sheriff: None

Bethany Kristovich
bethany.kristovich@mto.com

Brad D. Brian
brad.brian@mto.com

for Defendant:

Katherine V. Smith
ksmith@gibsondunn.com

James P. Fogelman
jfogelman@gibsondunn.com

Alayna Monroe
amonroe@gibsondunn.com