# EXHIBIT B

Case Number: 24STCV02694   Hearing Date: July 17, 2024   Dept: 39

TENTATIVE RULING

| | |
|---|---|
| DEPARTMENT | 39 |
| HEARING DATE | July 17, 2024 |
| CASE NUMBER | 24STCV02694 |
| MOTIONS | Motion for Preliminary Injunction |
| MOVING PARTY | Plaintiffs Michael Z. Hermalyn and FVP, LLC |
| OPPOSING PARTY | Defendant DraftKings, Inc. |

## MOTION

Plaintiffs Michael Z. Hermalyn ("Hermalyn") and FVP, LLC ("Fanatics," collectively, "Plaintiffs") move for a preliminary injunction.  Plaintiffs seek a preliminary injunction to preclude Defendant DraftKings Inc. ("Defendant") from attempting to enforce any non-competition or non-solicitation provision in any agreements between Hermalyn and Defendant, or attempting to disrupt the employment relationship between Hermalyn and Fanatics.  Defendant opposes the motion.

## ANALYSIS

To obtain a preliminary injunction, a plaintiff ordinarily is required to present evidence of the irreparable injury or interim harm that it will suffer if an injunction is not issued pending an adjudication of the merits. . . .  If the threshold requirement of irreparable injury is established, then we must examine two interrelated factors to determine whether the trial court's decision to issue a preliminary injunction should be upheld: "(1) the likelihood that the moving party will ultimately prevail on the merits and (2) the relative interim harm to the parties from issuance or nonissuance of the injunction."  (*Costa Mesa City Employees' Assn. v. City of Costa Mesa* (2012) 209 Cal.App.4th 298, 305-306, internal quotations and citations omitted.)

Plaintiffs are likely to prevail on the merits of this case.  (See *Application Group v. Hunter Group* (1998) 61 Cal.App.4th 881, 894.)  Under Business and Professions Code section 16600, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  (Bus. & Prof. Code, § 16600.)  A former employee may sue for injunctive relief to enjoin enforcement of a covenant not to compete.  (Bus. & Prof. Code §§ 16600, 16600.5.)

However, Defendant sued Hermalyn in *DraftKings Inc. v. Hermalyn* (D.Mass. 2024, No. 1:24-cv-10299) ("the Massachusetts case") to enforce Hermalyn's agreement not to compete with Defendant.  The Court cannot enjoin that action.  "A parallel action in a different state presents sovereignty concerns that compel California courts to use judicial restraint when determining whether they may properly issue [injunctive relief] against parties pursuing an action in a foreign jurisdiction."  (*Advanced Bionics Corp. v. Medtronic, Inc*. (2002) 29 Cal.4th 697, 707 (*Advanced Bionics*).)  "[E]njoining proceedings in another state requires an exceptional circumstance that outweighs the threat to judicial restraint and comity principles."  (*Id*. at 708.)

In their ex parte application for a temporary restraining order filed on February 20, 2024,  Plaintiffs stated Hermalyn was not seeking to enjoin Defendant from pursuing its federal court action in Massachusetts and only sought relief in this action that would protect his rights in California.  (See Ex Parte Application for TRO and OSC Re Preliminary Injunction Feb. 20, 2024), p. 25, fn. 6.)  Plaintiffs asserts the court at the February 22, 2024 hearing of that ex parte application rejected the notion Plaintiffs sought to enjoin Defendant in the Massachusetts case.  But, on April 30, 2024, Defendant obtained a preliminary injunction against Hermalyn in that matter enjoining him from using and disclosing any confidential information and, for a 12-month period commencing on February 1, 2024, from directly or indirectly soliciting Defendant's employees and providing services to a competing business.

Therefore, any injunction against Defendant in this case would necessarily have the effect of enjoining  the proceedings in the Massachusetts case.  It is unclear what Plaintiffs seek to enjoin other than to prevent Defendant from enforcing the noncompete and nonsolicitation clauses in Hermalyn's employment agreements which the Massachusetts court has determined to be enforceable.

Accordingly, the motion is denied.[1]

Plaintiffs are ordered to provide notice of this order and file proof of service of such.

---

[1]As the California Supreme Court noted, and as is reflected in this court's contemporaneous ruling on Plaintiffs' motion to bifurcate and for expedited trial and its July 12, 2024 ruling on Defendant's motion to quash,  the Massachusetts case does not divest California of jurisdiction, as Plaintiffs remain free to litigate this action "unless and until

[Defendant] demonstrates to the Los Angeles County Superior Court that any . . . judgment [in the Massachusetts case] is binding on the parties. . . . [P]otentially conflicting judgments naturally result from parallel proceedings but do not provide a reason for issuing a TRO." (*Advanced Bionics*, *supra*, 29 Cal.4th at p. 708.)